■ In the Matter of JOHN KEOSIAN et al., Appellants, v. FREDERIC S. BERMAN, as Commissioner of the Department of Rent and Housing Maintenance, Office of Rent Control, Respondent, and YESHIVA UNIVERSITY et al., Intervenors-Respondents.— Judgment entered March 6, 1970, dismissing petition, affirmed, with $50 costs and disbursements to the respondents, on opinion of SARAFITE, J., at Special Term. Concur — Stevens, P. J., Markewich and Steuer, JJ.; Capozzoli and Nunez, JJ., dissent in the following memorandum by Nunez, J.: I am somewhat perplexed by the action of the majority in affirming this judgment in the face of a record which clearly shows that the landlord failed to name the tenants-petitioners in the protest which resulted in the issuance of the certificate of eviction. The property contains six apartments. Petitioners live independently of each other as separate family units and each occupies his

own separate apartment. The protest filed by the landlord states: " The names and post office addresses of all parties *affected* by this protest are as follows" (emphasis added). The names and apartment numbers of the other four tenants are then listed. Petitioners' names are not. The landlord was not required to take over the entire building. (See Rent and Eviction Regulations, § 55, subd. 5.) These two tenants, upon discovery that they were not named in the protest, could reasonably assume that the landlord had decided to permit them to remain in the building. The failure to include either or both names in the protest of June 27, 1968 upon which the certificate of eviction rests, constitutes an effective abandonment of the proceeding as to petitioners. Special Term's statement that petitioners fully participated throughout the entire protest proceeding is not supported by the record, in fact the record establishes exactly the contrary — they had no knowledge of the protest — they were not named therein — there is not the slightest justification for such a finding and less for the majority's affirmance thereof. The report of the hearing shows that Mr. Levenson, who had represented petitioners in prior proceedings, was recorded as attorney for the tenants. But he was representing the four-named tenants, parties to the protest and not appellants. Respondent has carefully avoided stating that the said attorney represented petitioners at the protest hearings or that there was any discussion of their rights. Furthermore, a consideration of the proceedings before the District Office and the protest proceedings supports appellants' claim that the need of the landlord for the apartments is quite vague. As to apartment 1A it is claimed that a " custodian " has been assigned to it. He has not been otherwise identified nor is there any proof that such a person exists. Petitioners are justified in questioning the requisite immediate need of the landlord for these accommodations. They have been deprived of an opportunity to be heard and of due process. I would reverse and annul the order granting certificates of eviction without prejudice to a new application by the landlord for the same relief on notice to appellants.